Day, J.
The only question presented is as to the propriety of the holding and judgment of the court on the demurrer, and is: Do the facts stated in the supplemental pleading entitle Mrs. Hayes to be considered in place of the administrator, and subrogated to his rights?
It seems quite obvious this question should be answered in the affirmative. Under the law, the debts of a decedent and all proper charges and allowances, in the absence of sufficient personal property for their payment, become a first lien on his real estate, prior to the rights of heirs or legatees, and whatever right or title descends to them, is encumbered by and subject to this lien. No substantial estate vests in the heir or legatee until the valid debts and all proper allowances and the charges of administration are provided for; and, if necessary, an executor or administrator may even divest the heir of title absolutely, by a sale for this purpose. A proceeding having for its purpose such a sale, was instituted in this case by the administrator when the widow, Mrs. Hayes, and one or more of the heirs, for the purpose of obviating the necessity of a sale, under the express provisions of the statue, intervened, and in effect, in law and equity, became sureties for the payment of such debts and charges, and as such surety the defendant in error paid them in full to the administrator. She was not a mere volunteer in the matter, as urged by counsel in argument, but was personally and directly interested in the real estate, and the heirs as well, and what she did was for her own and their benefit. It would seem that she ought to be saved from any loss on account of her good offices in their behalf, and if tne law will not afford relief, that now, if ever, is a fitting and proper occasion for the application of the equitable principle of subrogation. Subrogation, it is said, is a doctrine of equity’, an’d was invented for the express purpose of aiding and helping out where the law would be *188 insufficient and unable to accomplish exact justice, and takes place by operation of law, whenever one person, not primarily liable and not a volunteer merely, becomes liable for and pays a debt which is a first lien on real estate,'and on which others, as heirs and owners of the real estate, by inheritance, are also bound. As we have seen, Mrs. Hayes was not a volunteer. She was interested in the property and in the heirs, and presumably for the good of all concerned, she became liable for the debts, for which the heirs, through the property, were also bound. She became so bound with the heirs, and in virtue of the condition of the bond, paid their debt out of her own means, to the administrator, who had the right to enforce the lien against the real estate. She is entitled to stand m the place of the administrator with respect to a lien against the real estate of the decedent, to the end that she be saved from loss and the debts fully discharged from the rightful source.
Cahill & Donovan, for Plaintiff.
Martin Knupf, for Defendant.
The administrator, the debts being otherwise unprovided for, under the provisions of section 6173, Revised Statutes, might come into a partition proceeding and have an order of the court requiring a sufficient amount of the proceeds of a sale in partition, paid to him to discharge the debts of the decedent; and it does not seem to us, tobe at all a violation of either the spirit or letter of that law, to allow a widow, who, being interested and liable, furnishes the administrator the wherewithal to pay, to come into court in a similar way and be reimbursed and made whole for her outlay.
We find there was no error, and the judgment is affirmed.